UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────

CHARLES B.,

               Plaintiff,

v.                                                          8:24-CV-01232
                                                            (ML)

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

───────────────────────────────────

APPEARANCES:                                                OF COUNSEL:

SCHNEIDER & PALCSIK                                         MARK A. SCHNEIDER, ESQ.
  Counsel for the Plaintiff
57 Court Street
Plattsburgh, New York 12901


SOCIAL SECURITY ADMINISTRATION                             FERGUS J. KAISER, ESQ.
  Counsel for the Defendant                                Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## <u>ORDER</u>

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

in connection with those motions on September 22, 2025, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. Nos. 15 & 17) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 16) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 26, 2025
       Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
CHARLES B.,

                         Plaintiff,

vs.                      Case No. 8:24cv01232

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------x


        Transcript of a Decision held via

Teleconference on September 22, 2025, the

HONORABLE MIROSLAV LOVRIC, United States Magistrate

Judge, Presiding.



                A P P E A R A N C E S

For Plaintiff:      SCHNEIDER & PALCSIK
                    57 Court Street
                    Plattsburgh, NY 12901
                      BY:  MARK A. SCHNEIDER, ESQ.


For Defendant:      OFFICE OF PROGRAM LITIGATION, OFFICE 2
                    Social Security Administration
                    6401 Security Boulevard
                    Baltimore, MD 21235
                      BY:  FERGUS J. KAISER, ESQ.



                *Lisa M. Mazzei, RPR*
        *Official United States Court Reporter*
                *10 Broad Street*
              *Utica, New York  13501*
                 *(315) 266-1176*

2

1       THE COURT:  All right.  Well, the Court is going to

2   begin its decision and reasoning as follows:

3       First, I start with, Plaintiff has commenced this

4   proceeding pursuant to Title 42, United States Code, Section

5   405(g) to challenge the adverse determination by the

6   Commissioner of Social Security finding that he was not

7   disabled at the relevant times and therefore ineligible for

8   the benefits that he sought.

9       First, I turn to the prehearing motions that were

10  made in this case by Plaintiff.  A number of motions were

11  filed in this case, and the Court will briefly address them

12  here.

13      On November 22nd of 2024, Plaintiff filed a motion

14  at Docket Number 13 to increase the page limit for each

15  party's initial brief to 46 pages.  On November 25th of 2024,

16  this Court granted Plaintiff's motion at Docket Number 14,

17  with the instruction that the parties review their briefs to

18  excise any extraneous material that is not necessary to

19  advance their arguments.

20      The Court notes that Plaintiff's brief totaled 46

21  pages, but the Court also notes that it included almost 24

22  pages of verbatim recitation of portions of the hearing

23  transcript.  Plaintiff's treatment notes and medical

24  opinions, all of which are readily available in the

25  administrative record.  Plaintiff's arguments comprise of 17

3

1    pages of the brief and do not present any novel issues.  This

2    Court further notes it has granted Plaintiff's request to

3    exceed the briefing page limit in at least one other pending

4    case, and the Court respectfully cautions Plaintiff -- I

5    should say Plaintiff's counsel that the Court may treat

6    future requests to file an oversized brief with greater

7    skepticism.  This advisement does not in any way affect this

8    Court's review of the substance of Plaintiff's claims here

9    today.

10            On December 10, 2024, Plaintiff filed a request at

11    Docket Number 18 for expedited review of this matter, which

12    Defendant opposed on December 12, 2024, at Docket Number 19.

13    This Court denied Plaintiff's motion on December 16, 2024, at

14    Docket Number 20.  On March 7, 2025, Plaintiff renewed his

15    request for expedited review at Docket Number 21, which this

16    Court denied on March 24th of 2025, at Docket Number 31.

17            Currently pending before this Court are Plaintiff's

18    requests for consideration of new evidence at Docket Numbers

19    21 and 22, both filed on March 6, 2025, and Docket Number 24,

20    filed on March 21st of 2025.  Defendant opposed these motions

21    on March 22nd of 2025, at Docket Number 29.

22            The evidence at Docket Number 21 consists of a

23    consultative physical examination report prepared by

24    Dr. Benjamin Young on December 11, 2024, in connection with a

25    new application for disability benefits filed by Plaintiff

4

1    after the ALJ's decision at issue in this case.

2         The evidence at Docket Number 22 consists of a

3    December 20, 2024 consultative psychiatric evaluation

4    prepared by Dr. Brett Hartman in connection with that

5    subsequent application.

6         Docket Number 24 consists of a March 20, 2025

7    psychological evaluation to assess the aggravation of

8    Plaintiff's existing posttraumatic stress disorder, also

9    known as PTSD, after he learned in January 2025 that he did

10    not have lymphoma.  Although such information would

11    ordinarily be a source of relief, Plaintiff had incorrectly

12    believed for the previous two years that the mass in his

13    chest was terminal cancer.

14         The Court starts by indicating, a Court may, at any

15    time, order additional evidence to be taken before the

16    Commissioner of Social Security, but only upon a showing that

17    there is new evidence that is material and that there is good

18    cause of the failure to incorporate such evidence into the

19    record in a prior proceeding.  See Title 42, U.S. Code

20    405(g).  The Second Circuit has articulated a three-pronged

21    standard for determining whether remand to consider new

22    evidence is appropriate; and the Court notes the proffered

23    evidence must be:

24         One, new and not merely cumulative of what is

25    already in the record.

5

1          Two, material that is both probative and relevant

2     to the time period for which benefits were denied, and

3          Three, plaintiff must show good cause for failing

4     to present the evidence earlier.

5          Because the medical evidence did not exist at the

6     time of the ALJ's decision or the Appeals Council's review,

7     this Court finds that all three documents are new and that

8     Plaintiff had good cause for failing to present it during the

9     administrative process.

10         However, this Court finds that none of the

11     proffered evidence is material, because it does not address

12     Plaintiff's condition at the time of the ALJ's decision.

13         It is well-recognized that consultative opinions

14     are a one-time snapshot, and both consultative examination

15     reports provided by Plaintiff address his functional

16     limitations approximately three months after the ALJ's

17     decision, and approximately three years after the alleged

18     onset date.

19         The March 2025 psychological consultation was

20     commissioned due to concerns that Plaintiff's mental health

21     symptoms were aggravated in January 2025 due to a

22     misunderstanding of a potential cancer diagnosis.  Plaintiff

23     has not known, and this Court does not see, how this new

24     evidence is probative or relevant to the September 2024

25     disability determination in this case.  Therefore, all of

6

1    plaintiffs motions to consider new evidence are denied.

2          Letter Motion 34 in the docket was also denied by

3    this Court at Order Number 35 for similar reasons.

4    Plaintiff's recent medical issues represent a worsening of

5    his symptoms that did not exist at the time of the ALJ's

6    September of 2024 decision and would not bear on whether the

7    ALJ's disability determination was supported by substantial

8    evidence.  Therefore, Plaintiff's Motion 34 was denied for

9    similar reasons.

10          The Court now turns to the decision and analysis on

11    the merits of this matter and the filings in this case.

12          Moving to the substance of this case, the Court

13    notes background information as follows:

14          Plaintiff was born in February 1977.  He is

15    currently approximately 48 years old.  He was approximately

16    45 years old on the date of this application for benefits.

17          Plaintiff stands approximately 6'1" in height, and

18    weighs approximately 243 pounds.  Although he has weighed

19    over 300 pounds at times during the period under review.

20          Plaintiff is a high school graduate who has worked

21    as a construction laborer, maintenance worker, and plumber's

22    assistant.  He reported that he left most of these positions

23    after less than a year due to interpersonal conflicts in the

24    workplace.

25          At the time of his administrative hearing on

7

1    August 12, 2024, Plaintiff resided alone.

2         Plaintiff has a history of chronic neck and back

3    pain that radiates to his legs.  In the last few years,

4    Plaintiff has experienced fatigue, shortness of breath, and

5    weight loss accompanied with significantly elevated blood

6    pressure.  Imaging reports showed a chest mass that raised

7    concerns about potential lymphoma.

8         Plaintiff has been prescribed medication for

9    anxiety, depression, and PTSD and reported that the

10   associated symptoms caused difficulty with social

11   interaction.

12        Procedurally, the Court notes as follows:

13        Plaintiff applied for Title II benefits on July 21

14   of 2022, alleging an onset date of November 1, 2021.

15        In support of his application for benefits,

16   Plaintiff claimed disability based on a number of physical

17   and mental health impairments, including anxiety, PTSD,

18   bipolar disorder, depression, back, shoulder, and neck pain,

19   hypertension, and a heart condition.

20        Administrative Law Judge Asad Ba-Yunus conducted a

21   hearing on August 12, 2024, to address Plaintiff's

22   application for benefits.

23        ALJ Ba-Yunus issued an unfavorable decision on

24   September 10, 2024.  That decision became the final

25   determination of the agency on September 20, 2024, when the

1   Appeals Council denied Plaintiffs expedited request for

2   review.

3          This action was commenced on August 8, 2024, and it

4   is timely.

5          In his September 10, 2024 decision, the ALJ first

6   determined that Plaintiff met the insured status requirements

7   of the Social Security Act through December 31 of 2028.  And

8   then the ALJ commenced the familiar five step test for

9   determining disability.

10          At step one, the ALJ concluded that Plaintiff had

11   engaged in substantial gainful activity, also known as SGA,

12   during portions of 2022 and 2023, and limited his disability

13   determination to other periods after the alleged onset date

14   when Plaintiff did not engage in SGA.

15          At step two, the ALJ concluded that Plaintiff had

16   the following severe impairments:

17          First, anxiety disorder, depressive/bipolar

18   disorder, PTSD, hypertension, status post left shoulder

19   surgery, status post bilateral knee surgery, status post

20   bilateral carpal tunnel release, obesity, and chronic kidney

21   disease.

22          At step three, the ALJ concluded that Plaintiff did

23   not have an impairment or combination of impairments that met

24   or medically equaled the severity of one of the listed

25   impairments.  In making this determination, the ALJ expressly

9

1    considered Listings 1.18, as it relates to abnormality of a

2    major joint in any extremity.  4.00, dealing with

3    cardiovascular system.  6.05, relating to chronic kidney

4    disease with impairment of kidney function.  12.04, relating

5    to depressive bipolar and related disorders.  12.06, related

6    to anxiety and obsessive compulsive disorders.  12.15,

7    relating to trauma and stressor-related disorders.  And,

8    lastly, 13.05, relating to lymphoma.

9         Next, the ALJ determined that Plaintiff has the

10   residual functional capacity, also known as RFC, to perform

11   less than the full range of light work.  Specifically, the

12   ALJ concluded and found that Plaintiff can occasionally

13   balance, stoop, kneel, crouch, crawl, and climb ramps,

14   stairs, ladders, ropes or scaffolds.

15        The ALJ found Plaintiff may have up to occasional

16   exposure to all workplace hazards, including unprotected

17   heights and dangerous machinery.

18        The ALJ also found Plaintiff may only perform

19   simple tasks.

20        Also, that Plaintiff may have occasional

21   interaction with coworkers and the general public.

22        And, lastly, the ALJ found that Plaintiff can

23   tolerate occasional changes to a routine work setting.

24        At step four, the ALJ found that Plaintiff could

25   not perform any past relevant work.

1        At step five, the ALJ relied on the vocational

2   expert testimony to find that considering Plaintiff's age,

3   education, work experience, and RFC, that there were jobs

4   existing in significant numbers in the national economy that

5   Plaintiff could perform.

6        Accordingly, the ALJ found Plaintiff was not

7   disabled from his alleged onset date of November 1, 2021, up

8   to September 10, 2024, the date of the ALJ's decision.

9        The Court next turns to Plaintiff's arguments.

10  Now, first, the Court advises, as the parties know, this

11  Court's functional role in this case is limited and extremely

12  differential.  I must determine whether correct legal

13  principles were applied and whether the determination is

14  supported by substantial evidence, which is defined as such

15  relevant evidence as a reasonable mind would find sufficient

16  to support a conclusion.  As the Second Circuit noted in

17  *Brault v. Social Security Administration Commissioner*, found

18  at 683 F.3rd 443, that's a 2012 case, and the Circuit therein

19  indicated this standard is demanding more so than the clearly

20  erroneous standard.  The Court noted in *Brault* that once

21  there's a finding of fact, that fact can be rejected only if

22  a reasonable factfinder would have to conclude otherwise.

23       Now, Plaintiff raises several contentions in this

24  proceeding:

25       First, Plaintiff argues that the ALJ failed to

1    properly evaluate most of the medical and mental health

2    opinion evidence, namely:

3           That the Plaintiff argues the ALJ erred by

4    discounting the most restrictive portions of consultative

5    examining psychologist Dr. Brett Hartman's opinions,

6    resulting in a flawed analysis of the mental health Listings

7    and an erroneous RFC determination.

8           Plaintiff also argues the ALJ's error included

9    discounting the most restrictive physical functional

10   limitations opined by Plaintiff's primary care physician,

11   Dr. David Simcoe.

12          And also finding the opinions of four non-examining

13   state agency consultants persuasive, when those opinions were

14   rendered stale or out of date by subsequent medical records

15   as argued by Plaintiff.

16          Plaintiff then secondly argues the ALJ failed to

17   address the discrepancy between the moderate mental health

18   limitations established at step three and the RFC

19   determination allowing for many forms of light work.

20          Third, Plaintiff argues the ALJ failed to properly

21   consider the functional limitations imposed by Plaintiff's

22   obesity and uncontrolled high blood pressure and

23   hypertension.

24          And then, fourth, the Plaintiff argues the ALJ

25   failed to properly credit the Plaintiff's subjective

12

1    description of his symptoms and functional limitations.

2          The Court begins its analysis and reasoning as

3    follows:

4          This Court finds that substantial evidence supports

5    the ALJ's evaluation of the evidence addressing Plaintiff's

6    physical and mental impairments, including the opinion and

7    testimonial evidence, for the reasons set forth in

8    defendant's brief and this Court also adds the following

9    analysis.

10         "At their most basic, the amended regulations

11   governing evaluation of medical opinion evidence require that

12   the ALJ explain his findings regarding the supportability and

13   consistency for each of the medical opinions pointing to

14   specific evidence in the record supporting those findings."

15   See case of *Raymond M. v. Commissioner of Social Security,* at

16   5:19-CV-1313, and that is a Magistrate Judge Baxter decision

17   that can be found at 2021 WL 706645 at page 8.  And that's a

18   Northern District New York February 22nd of 2021 decision.

19         Here, the ALJ conducted an appropriate review of

20   the consistency and supportability of the various medical and

21   mental health opinions by comparing each opinion in the

22   medical professional's own notes, the broader treatment

23   record, and the relevant opinions and the testimonial

24   evidence.

25         For example, Dr. Hartman conducted two separate

13

1    psychiatric consultative examinations of Plaintiff in

2    February 2023 and October 2023.

3             In both opinions, Dr. Hartman opined that Plaintiff

4    could understand, remember and apply simple directions.  Most

5    relevant to this challenge, he opined in February of 2023

6    that Plaintiff had marked difficulty with social interaction

7    and emotional regulation.  In October 2023, Dr. Hartman found

8    the same marked limitations in social interaction and

9    emotional regulation, but also opined that Plaintiff had

10   marked difficulty using reason and judgment and sustaining an

11   ordinary routine.

12            Plaintiff contends that the ALJ improperly ignored

13   or discounted the marked limitations described in

14   Dr. Hartman's opinions.  Had the ALJ adopted all of the

15   marked limitations identified by Dr. Hartman, Plaintiff

16   likely would be considered disabled under the mental health

17   Listings or due to an RFC that precluded competitive work.

18            Taking the ALJ's decision as a whole, this Court

19   finds that the ALJ appropriately considered the

20   supportability and consistency factors by comparing both of

21   Dr. Hartman's opinions to one, a consultant's own examination

22   reports, as summarized in the ALJ's decision.  Two,

23   Plaintiff's daily activities as reflected in treatment notes

24   and testimony that demonstrated independent self-care,

25   adequate social skills with treatment providers, friends, and

14

1    the general public.  And, three, the opinions of two

2    non-examining psychological consultants, Dr. Fernandez and

3    Dr. Shefer, who each reviewed Plaintiff's then current

4    treatment records and opined that he had no more than

5    moderate mental health limitations.  Both consultants' review

6    included Dr. Hartman's February 2023 opinion, and Dr. Sherer

7    reviewed Dr. Hartman's October 2023 opinion as well.

8        Plaintiff argues that the ALJ erred by failing to

9    specifically mention Plaintiff's difficulties with the

10   "Serial 7s" portion of both of Dr. Hartman's consultative

11   examinations.  "Serial sevens" is a cognitive test that

12   typically requires the patient to start at 100 and count down

13   by repeatedly subtracting 7.

14       In February 2023, Plaintiff made errors in

15   calculations and serial 7s, and in October 2023, Plaintiff

16   lost track on serial 7s.  In his examination notes,

17   Dr. Hartman cited these results in support of his opinion

18   that Plaintiff's ability to maintain attention and

19   concentration were mildly impaired.

20       While the ALJ did not reference the serial 7 test

21   by name, the ALJ did cite the assessment of mildly impaired

22   attention when considering the supportability of

23   Dr. Hartman's opinion, and this Court finds no error in his

24   failure to cite the exact test by name or to impose

25   additional limitations based upon the results.

1          At step three, the ALJ found no more than moderate

2     limitations in the four functional areas related to mental

3     health.  Plaintiff contends that if the ALJ finds moderate

4     mental limitations at step three, that he is required to

5     render an RFC that explicitly imposed those same conditions.

6     This Court rejects that argument.

7          A step three determination need not carry over

8     verbatim to the ultimate RFC determination because the two

9     determinations require distinct analysis.  See the case of

10    *Race v. Colvin*.  That's 1:14-CV-1357.  It's found at 2016 WL

11    3511779, at page 3.  And that's a Northern District New York

12    May 24, 2016 case.  And therein, recognizing this, courts

13    typically decline to remand merely because an RFC

14    determination excludes a corresponding limitation found at

15    step three.  What is required is an internally consistent

16    analysis that is supported by substantial evidence.  The

17    ALJ's RFC determination in this case satisfies that standard.

18         Courts within this Circuit have typically found

19    that moderate mental health limitations can be addressed by

20    limiting an individual to unskilled work with simple tasks

21    and decision making, as the ALJ did here in this case.  See

22    case of *Jeff S. v. Commissioner of Social Security.*  That's

23    found at 8:23-CV-1576, and that is a Senior District Court

24    Frederick Scullin and Magistrate Judge Hummel case.  It's

25    found at 2024 WL 5345046, at page 5.  And decision issued

16

1    Northern District of New York December 11, 2024.  Report and

2    recommendation adopted 2025 WL 254898, and that's

3    January 21st of 2025.  Thus, the ALJ's RFC determination is

4    both internally consistent with the moderate mental health

5    limitations described in his step three determination and

6    supported by substantial evidence in the form of multiple

7    psychiatric opinions assessing no more than moderate

8    limitations.

9         Similarly, Plaintiff contends that the ALJ's

10   assessment of Plaintiff's physical RFC should have conformed

11   to the opinion of Plaintiff's primary care physician,

12   Dr. David Simcoe.  This argument does not present any grounds

13   for remand.

14        Dr. Simcoe diagnosed Plaintiff with uncontrolled

15   hypertension, hypertensive heart disease, ascending thoracic

16   aortic aneurysm, stage 3a kidney disease, and neoplasm of the

17   mediastinum.  Plaintiff's brief characterizes each of these

18   as severe life-threatening conditions.  But a diagnosis does

19   not necessarily translate into a disability finding, so the

20   ALJ must consider the functional limitations imposed by

21   diagnosed condition.

22        The ALJ did so here, finding that the postural

23   limitations in Dr. Simcoe's opinions were persuasive, and

24   incorporating these into the RFC by limiting Plaintiff to

25   only occasional bending, crouching, crawling and similar

maneuvers.  Otherwise, the ALJ found the more restrictive
limitations in Dr. Simcoe's opinions related to sitting,
standing, walking and remaining on task to be unsupported by
routinely unremarkable examination notes, including
Dr. Simcoe's own.  Dr. Simcoe's opinion did not provide a
significant narrative to contradict those findings.

The ALJ found the opinions of the non-examining
state agency consultants to be more persuasive than those of
Dr. Hartman or Dr. Simcoe.  Plaintiff contends that all of
these opinions were out of date by the time of the ALJ's
disability determination, but offers no support for this
contention.  Although some treatment records post-date these
opinions, Plaintiff has not identified any records suggesting
a deterioration of Plaintiff's condition or other factors
that would render any of the consulting opinions stale.

Plaintiff contends that the ALJ improperly
discounted his subjective testimony due to noncompliance with
his blood pressure medication and refusal to pursue
specialized mental health treatment, without conducting an
adequate inquiry into Plaintiff's reasons for each.

Plaintiff has a history of extreme hypertension
dating back to at least 2020, with a systolic blood pressure
often exceeding 200.  Medical records from 2022 reflect some
improvement with blood pressure medication down to a mildly
elevated systolic blood pressure around 150, but frequent

18

noncompliance with medication.  During his March 28, 2023

consultative physical examination with Dr. John Fkiaras,

Plaintiff reported that he stopped taking his blood pressure

medication in November 2022 because he does not want to be on

any medications.  Dr. Simcoe's August 2024 opinion notes that

Plaintiff was on multiple blood pressure medications at that

time and was starting to show some improvement.  The ALJ

discussed all of these records in his decision.

Treatment records and consultative examination

reports reviewed by the ALJ also depict Plaintiff declining

therapy or similar specialized mental health treatment due to

previous unsatisfactory experiences.

SSR 16-3p provides that an ALJ may consider an

individual's failure to seek treatment or follow prescribed

treatment, such as medication, when considering his

subjective complaints.  However, in doing so, an ALJ must

consider possible reasons the claimant is not compliant or

has failed to seek treatment, an inquiry which may include

asking the claimant questions regarding their reasons for

noncompliance with medication or failure to seek treatment.

The treatment and examination notes cited by the

ALJ all raise concerns about Plaintiff's noncompliance with

his prescribed medication and proposed treatment.  The same

notes show that Plaintiff's reasoning has ranged from a

general belief that the treatment was ineffective to being

1     unable to access his medication during a divorce dispute.

2     Plaintiff argues that further inquiry was necessary, but this

3     Court finds that the ALJ complied with his regulatory

4     requirements by considering the documented reasons for

5     noncompliance.  Moreover, any failure to question Plaintiff

6     on the issue would be harmless error, in light of the

7     multiple other valid reasons the ALJ provided for discounting

8     portions of Plaintiff's testimony, in the form of treatment

9     notes, daily activities, and consultative examination

10    reports.  See case of *Shane C. vs. Commissioner of Social*

11    *Security.*  That's found at 1:20-CV-0895.  That is a

12    Magistrate Judge Peebles' decision found at 2021 WL 5906236,

13    at page 11, Northern District New York December 14 of 2021,

14    and therein finding that even if the ALJ erred by not

15    inquiring further about noncompliance with medication, such

16    error was harmless because the ALJ validly relied upon

17    medical evidence and activities of daily living to discount

18    Plaintiff's subjective description of his limitations.

19          For similar reasons, this Court finds no support

20    for Plaintiff's contention that the ALJ failed to properly

21    consider the combined effects of his physical and mental

22    impairments.

23          Regarding Plaintiff's diagnosed obesity, the ALJ

24    expressly found it to be a severe impairment at step two and

25    discussed its impact on Plaintiff's physical functioning at

20

1    steps three and four.  This included a review of treatment

2    notes discussing Plaintiff's weight and body mass index, two

3    consultative examinations that referenced Plaintiff's weight,

4    and medical opinions that took Plaintiff's history of obesity

5    and recent unexplained weight loss into account.

6         More generally, the ALJ's decision includes a

7    thorough discussion at steps two, three, and four of

8    Plaintiff's physical and mental health treatment history.  It

9    is evident to this Court that the ALJ's extensive description

10    of Plaintiff's various impairments informed his evaluation of

11    the various medical opinions and the testimonial evidence.

12         Finally, Plaintiff contends that the ALJ failed to

13    adequately credit his testimony regarding his physical and

14    mental functional limitations.  Recognizing that a claimant's

15    subjective description of his symptoms cannot establish

16    disability by itself, and that a reviewing court must give

17    great deference to the ALJ's assessment of hearing testimony,

18    this Court finds that the ALJ marshaled substantial evidence

19    to support his conclusions in this area, and reasonably

20    credited or discounted Plaintiff's subjective complaints

21    against the broader medical record.

22         The ALJ's decision summarizes Plaintiff's own

23    description of his symptoms from a variety of sources,

24    including Plaintiff's application, examination notes, and

25    hearing testimony.  It also considers Plaintiff's own

1   description of his activities of daily living after the
2   alleged onset date that included driving himself to
3   appointments, snowplowing his driveway, working part-time in
4   maintenance and laborer positions, socializing with friends,
5   taking care of pets, and performing household chores.  The
6   ALJ also cited treatment notes that suggested greater
7   physical and mental capabilities than depicted in Plaintiff's
8   testimony.
9           In large measure, Plaintiff's challenges to the
10  ALJ's evaluation of the medical opinion and testimonial
11  evidence and the resulting RFC determination are largely
12  premised on a disagreement over how the ALJ resolved arguably
13  conflicting evidence about Plaintiff's functional
14  limitations.  It is not sufficient that reasonable parties
15  could interpret the evidence differently, and it is not a
16  function of this reviewing Court to reweigh the evidence.
17  Therefore, this Court finds no justification for remand in
18  this case.
19          As a result, Plaintiff's motion for judgment on the
20  pleadings is denied; Defendant's motion for judgment on the
21  pleadings is granted; Plaintiff's complaint is dismissed; and
22  the Commissioner's decision denying Plaintiff benefits is
23  hereby affirmed.
24          As the Court indicated, I will have transcribed the
25  decision and reasoning that I just set forth on the record.

22

1    I will then append that to a summary order, and in short

2    order, file that in the docket.

3            That concludes the Court's decision in this case.

4    And other than that, Mr. Schneider, anything else for today?

5            MR. SCHNEIDER:  Yes.  I would just like the

6    clarification of your decision regarding the number of pages.

7            So you do not want me to give a full summary of the

8    facts in briefing this?  Even though I have gone through

9    every page of the record, you are happy just to do it

10   yourself and I can give a brief or a summary?  I don't really

11   understand.

12           THE COURT:  No.  Mr. Schneider, I think if you look

13   at the brief, there are -- I think I articulated there are

14   pages and pages, I think 20 something pages where literally

15   it's facts cut right out of the administrative record.

16           MR. SCHNEIDER:  Right.

17           THE COURT:  And that's not necessary, and it's not

18   very productive.  It doesn't mean that parties don't discuss

19   the administrative record; you do all the time.  But it's not

20   necessary to cut and paste it into your brief.

21           You can simply say, looking at pages X through Z,

22   and then make your arguments and so on.  But it's very

23   wasteful just to cut pages out of the administrative record

24   and then put them into a brief.

25           There might be something where something is so

1    important or so unusual that you will, you know, put a

2    sentence or two that's an administrative record and then

3    highlight it in your brief and then go on and argue about it,

4    but, here, it was really not necessary.  It was just putting

5    into your brief, many, many pages worth of things that are

6    just exactly out of the administrative record.  So that was

7    my point in saying that.

8            MR. SCHNEIDER:  Yeah.  Okay.  I mean, I really find

9    that it should be helpful to you for me to emphasize and

10    point out medical opinions that support the claims, and I

11    think the rules require a complete factual recitation of what

12    supports it.  I could leave it out and then put it in the

13    argument itself, but, you know, I don't -- I have no reason

14    to write a brief that's too long.  But once I have gone

15    through and spent many hours reading the complete record, I

16    think that it would help you in evaluating the case of

17    putting down the explicit findings and opinions.  I just

18    am -- you know, I could write shorter briefs, but I think

19    then I would not be zealously representing my client.

20            So I just wanted to let you know that.  That I -- I

21    don't think it's -- I think it's important to put down some

22    of the doctor's notes when they go to the impairments and

23    limitations.  So I just wanted to state that on the record.

24            THE COURT:  Okay.  All right.  Mr. Schneider, I

25    appreciate that.

24

1          MR. SCHNEIDER:  Okay.  Thank you.

2          THE COURT:  Mr. Kaiser, anything else?

3          MR. KAISER:  No, your Honor.

4          THE COURT:  All right.  All right, everyone.  Well,

5     that concludes our proceeding for today.  Have a good rest of

6     the day and have a very nice week.  Take care, everybody.

7                    (Court adjourned, 2:59 p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    CERTIFICATE OF OFFICIAL REPORTER

2

3     I, LISA M. MAZZEI, RPR, Official U.S. Court

4     Reporter, in and for the United States District

5     Court for the Northern District of New York, DO

6     HEREBY CERTIFY that pursuant to Section 753, Title

7     28, United States Code, that the foregoing is a true

8     and correct transcript of the stenographically

9     reported proceedings held in the above-entitled

10    matter and that the transcript page format is in

11    conformance with the regulations of the Judicial

12    Conference of the United States.

13

14                    Dated this 25th day of September, 2025.

15

16

17                         /S/ LISA M. MAZZEI

18                         LISA M. MAZZEI, RPR
                           Official U.S. Court Reporter
19

20

21

22

23

24

25